Livingston, J.
delivered the opinion of the court. Though there be cases in which, after the negotiation of a promissory note, a maker will be let into proof of its having been fraudulently obtained, none have gone so far as to admit of this defence, where .the passing was prior to its becoming due, unless the noté, being payable to bearer, is transferred by delivery only, and that too under suspicious circumstances. If made payable to order, it is, perhaps, never necessary for the indorsee to prove that he gave value for it; nor has the maker been permitted to go into its real consideration, unless it be such as to render it void by statute, or unless it had become due before it was transferred. Now although the plaintiff here has shown no consideration, the in-dorsement imports one ; and no circumstances are to be discovered in the transaction to justify the application of a rule, which in securities intended to pass as cash, cannot be too much restricted. If a man carelessly, or by imposition, gives a negotiable note, it is better that he should pay it, than to allow him, on light grounds, to shake the title of a third person. The payee’s qualified indorsement, or his declaration, that he did not know on what consideration it was made, cannot impair tbe 3ndorsee’s right acquired under his transfer. The not# *52 had been obtained by the plaintiff of Booth’s partner. Booth, therefore, though a payee, might very well be ignorant of the transaction, and unwilling to make himself liable. Nor could the plaintiff, who probably acquired the note by a negociation with the partner, compel him to indorse it in any other way. lie must have been glad to obtain it on any terms, as without the indorsement no suit could be brought in his name. Without, therefore, relying on the defendants’ promise to pay, when called on by the agent of a subsequent indorsee, there is nothing disclosed in this case which would have Tendered it proper to receive evidence, either of a want of consideration, or of a fraud in obtaining it, to which the plaintiff himself was not a party. The court are therefore of opinion, that the plaintiff is entitled to judgment.'
Judgment for the plaintiff.