Parsons, C. J.
The reasoning of the counsel for the commonwealth would be conclusive, if the statute creating the offence liad not so appropriated the forfeiture, and prescribed the mode of recovering it, as by necessary implication to exclude this offence.
The offender may be prosecuted either by indictment or by an information qui tam; and whichever prosecution is first commenced, to that shall the offender answer, and he is not liable to answer afterwards to the other. The prosecution by information is commenced by the filing of the information, and the prosecution by indictment is commenced by the finding of the indictment. But no man is liable to imprisonment, or to find bail to answer to the commonwealth, unless, when he shall appear to answer, the commonwealth shall have an indefeasible right to prosecute [*349] *him. If the law were not so, a man accused might suffer imprisonment for months, and yet eventually could not be holden to answer.
This principle applies to the case before us. If this offence should be supposed to be within the statute of 1783, as one of the lower offences there contemplated, then, when the defendant had recognized, or been imprisoned for want of sureties, a common informer might afterwards have filed his information, and defeated the commonwealth of its right to compel the defendant to answer to an indictment found after the filing of the information.
An information might also have been filed before the complaint *287 was made to the justice; and as process might not have been served, neither the justice nor the defendant could regularly have any knowledge of it; and the justice might have proceeded to imprison the defendant for want of sureties, when no prosecution could have been had by the commonwealth.
Bidwell, attorney-general, and J. T. Austin, for the commonwealth.
Richardson and Whiting for the defendant.
We are, therefore, satisfied that the statute of 1783 cannot comprehend offences which may be prosecuted as well by action or information qui tarn as by indictment, and when the regular cornmencement of the qui tarn prosecution will defeat a prosecution by indictment subsequently commenced. For this reason, the demurrer must prevail, and judgment be entered that the common wealth take nothing by this writ.