Judge Rylanb
delivered the opinion of the court.
This case was an indictment found by the grand jury of the State of Missouri, for the county of St. Louis, against the defendant, Charles Austin, under the statute for keeping a billiard table without license. The defendant appeared and filed his plea in abatement, which plea is in these words, viz : “And now the said Charles Austin, by Leslie and Lord his attorneys, comes into court here, having heard the said indictment read, saith, that at the time of the finding of this bill of indictment, to wit: at the November term of this court, in the year of our Lord one thousand eight hundred and forty-seven, and on the same day of the finding of this bill of indictment, another bill of indictment against the said Charles Austin was found and brought into this same court by the same grand jury, which found and brought into court this indictment, which said other bill of indictment was, and is, for the same identical offence or charge as is mentioned and set forth in this indictment, as by the record and proceedings thereof, remaining in said St. Louis criminal court more fully appears ; and the said Charles Austin further said, that he is the same Charles G, Austin, and not other or different than the Charles Austin in the said other bill of indictment mentioned, and that the said other bill of indictment aforesaid, is still depending in the St. Louis criminal court, and this the said Charles Austin is ready to verify 3 wherefore he prays, judgment,” &c. To this plea, the State, by the circuit attorney, files his demurrer. The plea was sworn to. The court sustained the demurrer, and required the defendant to answer to the indictment. But he elected to stand by his plea, and refused to answer or plead over. Thereupon the court ordered the plea of not guilty to be entered, and a jury to be sworn and empannelled, which was done, and the jury afterwards found the defendant guilty, and assessed the fine to four hundred dollars.
The defendant brings the case here by appeal, and the only point before this court is, whether the court below erred in sustaining the demurrer to the defendant’s plea.
The defendant’s counsel relies upon the case of the Commonwealth vs. Churchill 5 Mass. Rep. 174; Bacon’s Abr. Title Abatement p. 22 to 25; 6 Mass. Rep. 347, and 8 Conn. Rep. 71-8-9. I have examined these cases, and I consider them not applicable to the case before the court, and without expressing any opinion on the correctness of the *395 decisions made by the courts in them, I find in them nothing to operate on the present case.
Our statute concerning “ practice and proceedings in criminal cases,” art. 4 sec. 4, p. 867-8, Dig., 1845, declares : “ If there be at any time pending against the same defendant two indictments for the same offence, or two; indictments for the same matter, although charged as different offences-, the indictment first found shall be deemed suspended by such second indictment, and shall be quashed.” This statute is the law that must govern in this ease, and I must examine the defendant’s plea by this, statute.
A plea under this statute should state that the indictment plead to was the one which was first found, and should state that the offence charged in the two indictments is not only the same offence, but is the same matter, the same transaction, the “una et- eaden res acta.”
In this case-suppose the defendant Austin had two, four, or some dozen billiard: tables, in as many houses in this county, all publicly kept and used for playing billiards upon, without any license for any one such tables, and he was indicted by.-the grand jury in as many different indictments as he had tables. The offence in each of these- indictments is the same, “ co nomine”—each is an offence for “keeping a billiard table without license,” yet the subject matter is different in each. There would-be as many distinct, different breaches of the law, as he had billiard tables.
I consider the defendant’s plea not good and sufficient in law.. It does- not point out which indictment was- first found',, and it does- not particularly enough- allege the subject matter, of the indictments to be the same act in both.
I therefore see no error in the count below in sustaining the demurrer to defendant’s.plea. I am consequently for-affirming the judgment,, and my brother judges concurring, the judgment is affirmed.