HENRY R. WEED *vs.* ELIZABETH A. PECK, ADMINISTRATRIX.

*B* covenanted with *A* to execute and deliver to him a good and sufficient warranty deed, containing the usual covenants, of a piece of land, on or before March 1st, 1870. *A* covenanted on his part to execute and deliver to *B* a warranty deed of another piece of land, and to pay him $300 upon the deliv-

ery of the deed from him. *B* executed to *A* a penal bond conditioned for the performance of his covenant, and died in February, 1870, without performance or tender of performance by either party.

In an action on the bond against *B's* administratrix, *Held*, that, although a literal performance had become impossible by the death of *B*, the covenant was binding on his administratrix, and could be substantially performed by her, and the plaintiff was entitled to recover.

DEBT ON BOND against the defendant as administratrix of Walter S. Peck, deceased, brought to the court of Common Pleas in New Haven county. The court, (*Bronson, J.*,) rendred judgment for the plaintiff, and the defendant brought the record before this court by a motion in error.

The case is sufficiently stated in the opinion.

*S. E. Baldwin*, for the plaintiff in error, cited *Gazley* v. *Price*, 16 Johns., 267 ; *Parker* v. *Parmele*, 20 id., 130, 135 ; *Tinney* v. *Ashley*, 15 Pick., 546 ; *Hill* v. *Hobart*, 16 Maine, 164 ; Co. Litt., 206 ; *Warren* v. *Powers*, 5 Conn., 381 ; *Stewart* v. *Loring*, 5 Allen, 306 ; *Taylor* v. *Caldwell*, 3 Best & Smith, 826 ; *Pordage* v. *Cole*, 1 Wms. Saund., 320, note 3, (5) ; *Parsons* v. *Williams*, 9 Conn., 240.

*Ingersoll*, with whom was *Twiss*, for the defendant in error, cited 2 Wms. Exrs., 1464 *et seq.*, 1468, 1488 ; 1 Swift Dig., 448 ; 2 Redfield on Wills, ch. 10, sec. 39, § 13 ; *Clute* v. *Robinson*, 2 Johns., 595.

SEYMOUR, J. This action is on a penal bond executed by the deceased. The defendant craves oyer, and it appears that the bond is with condition to secure the performance by the deceased of the stipulations of a mutual covenant between the deceased and the plaintiff. By that covenant the deceased agrees that he will, on or before the 1st of March, 1870, make and deliver to the plaintiff a good and sufficient warranty deed, containing the usual covenants, of a piece of land in New Haven ; and the plaintiff agrees to pay the deceased $300, and also make and deliver to him a good and sufficient warranty deed of certain premises, " the said money to be paid and deed or deeds delivered upon the delivery of the deed from

said Peck hereinbefore described." The defendant then pleads that, on the 11th of February, 1870, said Peck died, and that the plaintiff did not at any time before the death of Peck, tender or deliver any deed of the lands to be by the plaintiff deeded, nor pay or tender to pay $300. That said Peck left at his decease a widow and brothers and sisters, and that his estate is in course of settlement.

To this plea the plaintiff demurred, and had judgment in his favor in the Court of Common Pleas. A motion in error was allowed, and the record is brought before this court.

The defendant claims that the deceased was not bound to perform his agreement until March 1st, 1870, that the covenant is strictly personal, not binding on the representatives of the deceased, and that before the time stipulated for performance, compliance with the covenant became impossible, and non-compliance therefore became excusable.

These claims of the defendant are founded upon the peculiar phraseology of the covenant, for his counsel concede that, in the ordinary case of an executory agreement to convey real estate, the representatives of the deceased are bound to convey if the contracting party dies before performance. We have a statute which provides, (title "Courts," § 92,) that courts of probate may, concurrently with courts of equity, authorize the executor or administrator to release and convey the title of the deceased in any real estate, to any person entitled to the same by virtue of any contract of such deceased person. The deceased in this case covenanted to make and deliver a good and sufficient warranty deed of the premises described. The counsel for the defendant say it is impossible now for the deceased so to make and deliver the deed contracted for. It must be conceded that the literal performance of the contract has become impossible, but the deed is named in the covenant as the usual mode of passing the title, the substance of the contract is a sale and exchange of land, the manner is merely incidental, and not of the substance of the covenant. The death of Mr. Peck wrought no important change, except in the manner of passing the title. The administratrix may now apply to a court of probate and obtain authority to con-

Weed v. Peck.

vey the estate, and a conveyance under such authority will as effectually vest the estate in the plaintiff, as the deed of Mr. Peck would have done had he continued to live. The defendant indeed says that the warranty of Mr. Peck personally cannot now be had, but, under the statute, we see no difficulty in authorizing the administratrix to bind the estate by warranty of title, and, without such express warranty, the bond sued upon binds the estate by its fair construction that the title conveyed shall be good and perfect.

It was said in argument that the plaintiff would not be bound to accept a conveyance from the administratrix. We are not prepared to say he would not, but if the plaintiff should refuse to accept after the administratrix had done all that could be done to fulfil the agreement, the administratrix could then well defend against the suit.

It was said in argument that the plaintiff should have set up in his replication a tender or readiness to perform on his part; but this argument is a departure from the defence set up in the plea. The ground upon which the plea is based is that, by reason of the obligor's death, performance became impossible, and non-performance therefore excusable. If this be so, a tender of performance by the plaintiff would be nugatory and unmeaning, and if it be not so, then the plea is wholly insufficient. The very ground of the plaintiff's demurrer is that the plea, being insufficient, requires no reply.

There is no error in the judgment complained of.

In this opinion the other judges concurred.