Brink *v.* Gould.

---

ADELAIDE BRINK, Respondent, *v.* JOEL GOULD, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, MAY, 1872.)

Where the owner of two heifers (at her residence on the premises where the heifers were) told the plaintiff, her daughter, that she might have whichever one of them she wanted, the cattle not being present, the plaintiff not living with her mother and no other possession or delivery made,—*Held*, that there was no delivery or acceptance constituting a valid gift.

Nor was the intended gift rendered valid by the subsequent joint occupation and management of a farm upon which the cattle were pastured with other stock for their common benefit.

THIS action was brought in a Justice's Court to recover the value of a cow, which plaintiff claimed to have been wrongfully and unlawfully taken by the defendant.

The defendant denied every allegation of the complaint, and the plaintiff's ownership and the right of possession. The answer also alleged that the plaintiff came rightfully into possession of the cow by virtue of a mortgage from James B. Brace, the plaintiff's father, to James B. Balch, and the sale and delivery of the cow to pay the mortgage.

The case was tried before the justice and a jury, a verdict rendered in favor of the plaintiff. The defendant appealed from the judgment to the County Court of Tioga county, and upon a re-trial there a verdict was found in favor of the plaintiff for seventy-four dollars and ninety cents. At the close of plaintiff's testimony a motion was made for a non-suit upon the ground, among others, that there was no valid gift of the property to the plaintiff, which motion was denied and the defendant duly excepted. The material facts are set forth with sufficient particularity in the opinion. A judgment was entered on the verdict. A motion was made for a new trial and denied by the County Court, and the defendant appealed to the General Term of the Supreme Court.

*Charles A. Clark*, for the appellant.

*Charles A. Munger*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. Delivery is essential to the validity of a parol gift. Without a delivery, title does not pass, and a mere intention or naked promise to give, without some act to pass the property, is not a gift. (2 Kent's C., 438.) The donor must part not only with the possession but with the dominion of the property. (Id., 439.) And the gift is only perfect and irrevocable by delivery and acceptance. (Id., 440; see also *Grangiac* v. *Arden*, 10 Johns., 296; *Hunting-*

*ton* v. *Gilmore,* 14 Barb., 246; *Woodruff* v. *Cook,* 25 id., 512; *Harris* v. *Clark,* 3 Coms., 113.)

The principles laid down are quite familiar; and, applying them to the facts presented in the case at bar, I am unable to see how the plaintiff can recover, and am inclined to think that the court were in error in refusing the motion made by the defendant for a nonsuit. The plaintiff claimed the property as a gift from her mother. It appeared upon the trial that the plaintiff's mother was the owner of two heifers; and that in the month of February, 1867, in a conversation with the plaintiff at the mother's residence, where the heifers were, she told the plaintiff that she could have whichever one of the heifers she wanted. No response was made to this. The heifers were not present, and no designation was made by the plaintiff of either of them at that time or at any future period. The plaintiff did not live at home, but was away teaching school, and did no act to take possession of the heifer claimed to have been given. The plaintiff neither received nor did her mother deliver the property to her at the time the alleged gift is claimed to have been made. There was no acceptance and delivery, as the law requires; and there is no testimony in the case from which the inference may be drawn that the plaintiff selected and accepted the property in controversy. The subsequent acts do not, in my opinion, establish or tend to prove any facts which obviate the difficulty. The plaintiff was soon afterward married; and, in the month of March following, her husband and father and mother made a contract for a farm, to which the father and mother removed with the two heifers and other stock which had remained in their possession; and about the first of April the plaintiff and her husband also came there. The farm was then worked by the plaintiff's husband and her father and mother jointly; and in April, 1868, the plaintiff's father executed a chattel mortgage upon the heifer and other property under which the defendant claims title, and took the same in the month of January, 1869. During the period that the plaintiff and her husband

were in possession of the farm, with her father and mother, she exercised no distinct act of ownership over the property, nor made any special claim of title to it. It was then the same as other stock; and there is no evidence of a delivery of the property to her alone, or that she specially claimed it. Certainly, there was no such delivery as the law requires to establish a gift. There is, in fact, nothing in this case to show any change in the possession of the property after the alleged gift, except the fact that plaintiff and her husband worked the farm in conjunction with her father and mother. This is not sufficient to make out a valid gift, or to raise any question of fact for the jury upon that subject.

Some other questions are made; but as there was error, for the reasons stated, in refusing the motion for a nonsuit, it is not necessary to discuss them.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.