Phillips v. Franciscus et al.

———o———

J. J. PHILLIPS, Respondent, vs. JAMES M. FRANCISCUS, et. al., Appellants.

1. *Trusts and trust funds—Bank deposits—Consent of—cestui que trust—Transfer of certificates of deposit.*—A. owing B. money on collections, made a special deposit of that amount in a bank, subject to his own order which he intended for B. *Held*, by the consent of B. to this action, the money became his, and after the indorsement of the certificate of deposit to him, his title thereto became complete at law.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellants.

*Lee and Adams*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

Ira Stansberry, Sen., collected for plaintiff some bills of exchange, and after payment of certain amounts, out of the proceeds, there was left in his hands a balance of $388, to the credit of plaintiff. Stansberry took of his own money consisting of United States Treasury notes, the sum of $388, and put the same in an envelope, and had it sealed up with his name indorsed thereon, and made a special deposit of this package with the defendants, who were bankers, and who received this package on special deposit, and gave Stansberry a certificate of deposit, which specified that it was to be delivered to Stansberry or to his order on demand.

The said Stansberry indorsed the certificate, ordering the package to be delivered to the plaintiff. The plaintiff demanded the package, and the defendants refused to deliver it to him, and he brought this action for the recovery of the same, or its value.

On the trial, Stansberry testified to the effect, that he made the special deposit as a trust fund for the plaintiff, and transferred it to him as, and for the balance of the money he had collected for him.

The defendants set up as a defense, that Stansberry after making this special deposit, and before the same was assigned to plaintiff, had made a general assignment of all his property for the benefit of his creditors, and that this package passed to the assignee, by virtue of the assignment. The assignment was read in evidence, and this package was not referred to in terms, or by implication. His stock of goods, &c., in a certain store was covered by the assignment, but not the package in question.

The facts of this case clearly indicated, that the plaintiff was the real owner of the package, and that the special deposit was made for him as a trust fund by Stansberry.

After giving his assent to this disposition of a debt that was due him, the money so deposited in trust became his property, and the transfer of the certificate of deposit to him, made his title complete at law.

The defendants had no right to detain this deposit. The only question in the case was, whether the plaintiff was the owner of the package, and all the instructions asked by the defendants raising other questions, were properly refused. I see no error in the records.

Let the judgment be affirmed, Judge Wagner absent. The other Judges concur.