State v. Cheek.

State of Missouri, Respondent, *vs.* J. W. Cheek, Appellant,

1. *Practice, criminal—Company, incorporation of—Parol proof as to.*—On indictment against the agent of an express company for embezzlement, the incorporation of the company may be shown by parol. (Wagn. Stat. 1104, § 22.)

2. *Indictment—Plea in abatement setting up subsequent indictment for same offense.*—A plea in abatement to an indictment which sets forth with precision, by direct averment, the finding of a subsequent indictment against the defendant for the same offense should be sustained, and the indictment thereupon quashed. (Wagn. Stat. 1087, § 4; Austin vs. State, 12 Mo. 393.)

3. *Indictment—Record of trial fatally defective, when.*—The record of trial under an indictment, which fails to show that the prisoner was ever arraigned, or that any plea was ever entered in his behalf, or that any issue was made at the trial, or that he was present during its progress, is fatally defective.

*Appeal from Jasper County Circuit Court.*

*Walser & Cunningham,* for Appellant.

I.   The circuit court erred in overruling the plea in abatement, and erred in refusing to hear evidence in support of the plea. (Wagn. Stat. 1087, § 4; Austin vs. State, 12 Mo. 394; State vs. Welch, 33 Mo. 33.)

II.   The evidence offered was not competent to prove that the Adams Express Co. was incorporated.   The fact must have been proved by a certified copy of the articles of the association from the office of the secretary of State.   (Wagn. Stat., 289, § 4.) We contend that § 22, p. 1104, as to practice in criminal cases, does not apply, because an incorporated company is not necessarily a corporation.

III.   The record fails to show that the defendant was arraigned, and does not show that he was present during the trial, nor that he was present when the verdict of the jury was returned.   All these things must appear affirmatively from the record.   (State vs. Braunschweig, 36 Mo. 397, and cases cited; Sess. Acts 1875, p. 108.)

*Jno. A. Hockaday, Att'y Gen'l,* for Respondent.

I.   Although the record shows no formal arraignment of the defendant, and no plea of not guilty, yet as this was not taken advantage of in the motion in arrest, or otherwise in the court be-

State v. Cheek.

low, and no opportunity afforded that court to correct the error, it will not be reviewed by the Supreme Court. (Wolff vs. Walter, 56 Mo. 295; Hirt vs. Hahn, 61 Mo. 498; 62 Mo. 121.)

II. The record shows that defendant was in court at the beginning of the trial, and announced himself ready for trial. And as no adjournment appears, it is clearly to be inferred that he was continuously present during the trial.

III. It was not necessary that he should be present at the time of the verdict, if absent voluntarily, which is presumed in the absence of proof to the contrary. (Sess. Acts 1875, p. 108.)

IV. The plea in abatement was properly disregarded by the court. The pretended defect in the indictment could not be reached by plea in abatement, but only by demurrer. The court properly refused to admit parol evidence to explain the offenses charged in the indictment.

V. The proof that Adams Express Company was an incorporated company, was properly made by the agent. (Wagn. Stat. p. 1104, § 22.) The word " corporation " includes in its meaning " incorporated companies."

WAGNER, Judge, delivered the opinion of the court.

This was an indictment against the defendant, who was agent of an express company, for embezzlement. He was convicted, and it is urged that there was no evidence of any crime having been committed, but the confessions of the defendant himself. But this was a mistake. A witness testified that he gave the money to the defendant to be transmitted by express, and that it never reached its destination, and that defendant admitted that he converted and appropriated it to his own use. All these facts, taken together, constituted ample evidence on the subject.

The incorporation of the company was proved by parol, and it is objected that the evidence was inadmissible, because better evidence was attainable.

Our statute provides that, " if, on the trial or other proceeding in a criminal case, the existence, constitution or powers of any banking company or corporation, shall become material, or be in

any way drawn in question, it shall not be necessary to produce a certified copy of the charter or act of incorporation, but the same may be proved by general reputation, or by the printed statute book of the State, government or country by which such corporation was created."

Under this provision of the statute the court did right in overruling the objections, and the admission of the evidence was not error.

The instructions for both the State and the defendant were unobjectionable, and submitted the case with unquestionable fairness.

The defendant filed a plea in abatement, in which it was alleged that the grand jury had found a second or subsequent indictment for the same offense described in the first indictment, and upon which he was held for trial, and therefore asked that the first indictment might abate. This plea was overruled.

The statute respecting criminal practice declares. that " if there be, at any time, pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed." (Wagn. Stat. 1087, § 4.)

In the case of Austin vs. The State (12 Mo. 393) it was held that a plea in abatement to an indictment, alleging the pendency of another indictment for the same offense, should specifically show that the indictment pleaded to was the first found, and that the offensive act charged in each indictment was the same.

Tested by this rule, the plea in this case was sufficient. It set out with precision, by direct averment, that the matters charged in each indictment were identical and the same.

The record is fatally defective. It does not show that the prisoner was ever arraigned, or that any plea was ever entered in his behalf, or that any issue was made at the trial. Nor does it show that he was present in court during the progress of the trial.

Wherefore the judgment must be reversed and the cause remanded. The other judges concur.