## New York Marine Court.

*Special Term—October*, 1878.

## LAURA K. WEBER *against* THE BANK FOR SAVINGS.

**Interpleader.—Trust.**—Effect of deposit by one person in trust for another, where the former retains the bank book.

Motion for interpleader.

*G. S. Wilkes*, for plaintiff.

*Strong & Cadwalader*, for savings bank.

*Peter Cook*, for claimant of fund.

McADAM, J.—Some years ago Lewis Weber, in the form following : "Lewis Weber in trust for Laura K. Weber," his daughter, opened a deposit account with the defendant, and received from it a book which shows a credit of $273.56. The *cestui que* trust now sues the bank to recover this amount, claiming that it belongs to her, while the trustee, who has possession of the bank book, claims that the deposit belongs to him, and on account of this dispute the bank applies for leave to pay the fund into court, and that Lewis Weber, the trustee, be interpleaded, and substituted in its place as defendant.

The trustee is willing to be substituted as defendant

in place of the bank, while the plaintiff, on the other hand, strenuously objects to the change. The bank has complied with the provisions of the code (§ 820), and also of the general act relating to savings banks (*Laws* 1875, chapter 371, § 25), and is entitled to the relief it seeks. The claim by the trustee is evidently made in good faith and without collusion with the bank, and it seems to me that it would be unsafe for the bank to disregard the trustee's demand, because it is impossible for it to correctly determine the question of title, which is, under the circumstances, presumptively in the trustee, and yet the presumption may be overcome by proof upon the trial. The form of the deposit is not conclusive against the depositor, nor does it establish as against him an intent to give the thing deposited to the *cestui que* trust, nor does it create an obligation or right upon the part of the bank to deliver the fund deposited over to her.

The declaration of trust is, at most, evidence that the depositor held the money in some manner for the benefit of the person named ; but it did not of itself transfer to her either the possession or right of possession, nor create a legal title in her. There must be delivery with intent to pass the title (Brabrook v. Boston Savings Bank, 104 *Mass.* 228 ; Clark v. Clark, 108 *Id.* 522). To constitute a valid gift, *inter vivos*, delivery must be according to the nature of the thing. If it be not capable of manual delivery, there must be some act equivalent to it (Gray v. Barton, 55 *N. Y.* 68, 73 ; Shuttleworth v. Winter, *Id.* 624 ; 2 *Johns.* 52 ; 10 *Id.* 293 ; 12 *Id.* 188 ; 33 *N. Y.* 581 ; 43 *How. Pr.* 289 ; 5 *Hun*, 468). The donor must not only part with the possession but with the dominion of the property (2 *Kent Com.* 439). I need not enlarge upon the subject. Sufficient has been said to show that the claim by the trustee, who still holds the bank book, is one

not to be disregarded on an application like the present.

The motion for interpleader will therefore be granted. The order must be settled on two days' notice.

The distinction between a contemplated voluntary gift not consummated by delivery, and a trust founded upon a valid consideration must be remembered while considering the above.