FRANK B. SMITH

v.

JACOB SPEER et al.

In 1874, a depositor in a savings bank, Rachel Speer, ordered the following entry to be made in her account : " Frank B. Smith, hatter, Danbury, Conn., son of Joseph Smith and Cornelia ; to be drawn by Rachel ; after death, by Frank." In 1870, she directed the following entry to be made in her pass-book in another savings bank : " This account is in trust for Frank B. Smith," and signed it with her name. She kept both pass-books in her own possession, and drew the dividends and part of the deposits down to 1878, when she became insane. Complainant is her nephew, and understood that, although the funds were deposited in trust for him, he was to have no part thereof until Rachel's death.—*Held*, that he had no claim to be protected during Rachel's lifetime, against her or her guardian drawing the funds.

Bill for relief. On re-hearing.

*Mr. S. Kalisch*, for complainant.

*Mr. W. B. Guild, jun.*, for defendants.

NOTE.—A gift to an infant may be supported, if accompanied by delivery of the chattel, *Hunter* v. *Westbrook*, 2 C. & P. 578; *Granigan* v. *Arden*, 10 Johns. 292; *Snow* v. *Copley*, 3 La. Ann. 610; *Pierson* v. *Heisey*, 19 Iowa 114; *Stell* v. *McKnight*, 1 Bay 64. See *Hudnal* v. *Wilder*, 4 McCord 294; *Trowell* v. *Carraway*, 10 Heisk. 104; *Roberts's Appeal*, 85 Pa. St. 84; *Hillebrant* v. *Brewer*, 6 Tex. 45; *Mahoney* v. *McCready*, 15 Lower Can. 274. Also, *Jones* v. *Lock*, L. R. (1 Ch. App.) 25; *Faning* v. *Russell*, 94 Ill. 386; *Richardson* v. *Lowry*, 67 Mo. 411; *Brewer* v. *Harvy*, 72 N. C. 176; *Carpenter* v. *Davis*, 71 Ill. 395; *Zimmerman* v. *Streeper*, 75 Pa. St. 147; *Mason* v. *Hyde*, 41 Vt. 232. And the law will accept it for the infant, if to its advantage, *De Levillian* v. *Evans*, 39 Cal. 120; *Darland* v. *Taylor*, 52 Iowa 503; *Howard* v. *Copely*, 10 La. Ann. 504; *Goss* v. *Singleton*, 2 Head 67. See *Barnebe* v. *Suaer*, 13 La. Ann. 148; *Marston* v. *Marston*, 21 N. H. 491.

The parent cannot afterwards reclaim it, *Smith* v. *Smith*, 7 C. & P. 401;

Smith *v.* Speer.

The Chancellor.

This cause comes before me on the rehearing of a final decree advised by Vice-Chancellor Dodd. The decree is adverse to the complainant. The bill is filed to protect the claim which the complainant makes as *cestui que trust* to certain moneys deposited by Rachel Speer (formerly Rachel Wharry) in two savings banks: one, the Howard Savings Institution, of Newark, and the other, the Provident Institution for Savings, of Jersey City. In 1860, Mrs. Speer, then Mrs. Wharry, opened the account in the latter institution. She married her present husband in 1862. In 1868 she opened the account in the

*Kellogg* v. *Adams, 51 Wis. 138; Long* v. *Long, 16 Grant's Ch. 239, 17 Id. 251.* See *Crany* v. *Kroger, 22 Ill. 74; Taplin* v. *Wilson, 4 Hun 244; Wigle* v. *Wigle, 5 Watts 522; Hunter* v. *Jones, 6 Rand. 541;* nor his creditors, *Wambold* v. *Vick, 50 Wis. 456; Allen* v. *Knowlton, 47 Vt. 512; Mathes* v. *Dobschuetz, 72 Ill. 438.* See *Shirley* v. *Long, 6 Rand. 764.*

Acts of ownership afterwards exercised by a parent over a gift to his minor child, do not invalidate or affect it, *Dodd* v. *McCraw, 8 Ark. 83; Sewall* v. *Glidden, 1 Ala. 53; Ector* v. *Ector, 29 Ga. 443; Whitford* v. *Horn, 18 Kan. 455; Martrick* v. *Linfield, 21 Pick. 325; Hasbrouck* v. *Bouton, 41 How. Pr. 208; Kellogg* v. *Adams, 51 Wis. 138; Fowler* v. *Lockwood, 3 Redf. 465; Pierson* v. *Heisey, 19 Iowa 114; Mortimer* v. *Brumfield, 3 Munf. 122; Coppage* v. *Barnett, 34 Miss. 621.* See *Thorpe* v. *Owen, 5 Beav. 224; Durrett* v. *Sewall, 2 Ala. 669; Wheeler* v. *Wheeler, 43 Conn. 503; Hitch* v. *Davis, 3 Md. Ch. 266; Cook* v. *Husted, 12 Johns. 188.*

There may be a valid gift of a chattel, reserving to the donor its use for life, *Davis* v. *Ney, 125 Mass. 590; Hope* v. *Hutchins, 9 Gill & Johns. 77; Conner* v. *Hull, 36 Miss. 424; Duncan* v. *Self, 1 Murph. 466; Howell* v. *Howell, 7 Ired. 491; McGinney* v. *Wallace, 3 Hill (S. C.) 254; Gadsden* v. *Whaley, 14 S. C. 210; McKane* v. *Bonner, 1 Bail. 113.* See, however, *Lance* v. *Lance, 5 Jones 413; Withers* v. *Weaver, 10 Pa. St. 391; Pitts* v. *Mangum, 2 Bail. 588; Caldwell* v. *Wilson, 2 Spears 75; Durham* v. *Dunkley, 6 Rand. 135; Anderson* v. *Thompson, 11 Leigh 439.*

A bank deposit receipt, *semble,* may not be transferred as a gift by mere delivery and endorsement, *Moore* v. *Ulster Bank, L. R. (11 Irish C. L.) 512; Dunne* v. *Boyd, L. R. (8 Irish Eq.) 609; Gerow's Case, 5 Allen (N. B.) 512; Hill* v. *Sheibley, 64 Ga. 529; Withers* v. *Weaver, 10 Pa. St. 391; Hassell* v. *Basket (Ind.), 18 Alb. L. J. 323; Mead* v. *Mead (Eng.), 22 Alb. L. J. 359; McCabe* v. *Robertson, 18 U. C. C. P. 471.* But see *Amis* v. *Witt, 33 Beav. 619. 1 B. & S. 109; McGrath* v. *Reynolds, 116 Mass. 566; Brooks* v. *Brooks, 12 S. C. 422; Westerlo* v. *De Witt, 36 N. Y. 340.*

Smith *v.* Speer.

Howard institution.  Between 1870 and 1874 she ordered that the following entry be made in her account in the Provident Institution, and it was made accordingly :

"Frank B. Smith, hatter, Danbury, Conn., son of Joseph Smith and Cornelia ; to be drawn by Rachel ; after death, by Frank."

In 1870 or 1871, she caused the following entry to be made in her account in her pass-book of the Howard Institution :

"This account is in trust for Frank B. Smith,"

and signed it with her name.  She kept the pass-books of both

---

A special deposit of bank bills, sealed in an envelope, was made by A, payable to himself or order, and he afterwards endorsed the certificate of deposit to B.—*Held*, that B could hold the deposit against A's assignee, in insolvency, *Phillips* v. *Franciscus, 52 Mo. 370.*  See *Young* v. *Young, 80 N. Y. 422 ; Welch* v. *Belleville Bank, 94 Ill. 191 ; Wyble* v. *McPheters, 52 Ind. 393 ; Southerland* v. *Southerland, 5 Bush 591.*

Where securities are sealed up, and endorsed with the intended beneficiaries' names, locked in a box, and the key retained by the donor, the gift is imperfect, *Bunn* v. *Markham, 7 Taunt. 224 ; Coleman* v. *Parker, 114 Mass. 30 ; Trough's Estate, 75 Pa. St. 115 ; Meriwether* v. *Morrison (Ky.), 10 Reporter 661 ; Bryson* v. *Browrig, 9 Ves. 1.*  See *Hatch* v. *Atkinson, 56 Me. 324 ; Ellis* v. *Secor, 31 Mich. 185 ; Cooper* v. *Burr, 45 Barb. 9 ; Jones* v. *Selby, Prec. in Ch. 300 ; Stevens* v. *Stevens, 5 T. & C. (N. Y.) 87 ; Fowler* v. *Lockwood, 3 Redf. 465 ; Jones* v. *Brown, 34 N. H. 439, 445 ; Powell* v. *Hellicar, 26 Beav. 261 ; Walsh* v. *Sexton, 55 Barb. 251 ; Carradine* v. *Carradine, 58 Miss. 286.*

As to the effect of a deposit in the joint names of the depositor and another person, *George* v. *Bank of England, 7 Price 646 ; Ward's Case, 2 Redf. 251 ; Orphan Asylum* v. *Strain, 2 Bradf. 34 ; Condon* v. *Bank of B., MS. Stevens's Dig. N. B. 665.*  See *Mack* v. *Mack, 5 T. & C. 528 ; Marshal* v. *Crutwell, L. R. (20 Eq.) 328.*

A deposit in a savings bank of the depositor's money for the benefit of A, the depositor retaining the control of the fund during his lifetime, and A, having no notice thereof, has been held not to constitute a trust which A could afterwards enforce.  *Brabrook* v. *Boston Bank, 104 Mass. 228 ; Clark* v. *Clark, 108 Mass. 522 ; Powers* v. *Provident Inst., 124 Mass. 377 ; Stone* v. *Bishop, 4 Clif. 593 ; Weber* v. *Weber (N. Y.), 9 Reporter 632 ; Geary* v. *Page, 9 Bosw. 290 ; Meiggs* v. *Meiggs, 15 Hun 453.*  CONTRA, *Witzell* v. *Chapin, 3 Bradf. 386.*  See *Gaskell* v. *Gaskell, 2 You. & Jer. 502 ; Moore* v. *Moore, L. R. (18 Eq.) 474.*

But the rule is otherwise if the depositor inform A of the deposit, and that

Smith v. Speer.

accounts in her own possession, and drew the dividends up to
1878, when she became insane, and she has ever since continued
to be so.   In that year she was duly declared to be of unsound
mind, and her husband was duly appointed her guardian.   The
complainant is .her nephew.   He claims that, by the entries
above mentioned, she declared a trust in his favor of the moneys
in the two institutions, and that he is entitled to protection
against her guardian, who claims the right to draw the money.
It appears from the testimony that, though Mrs. Speer told the
complainant that she had had all her money " put in trust" for

A is to have it after the depositor's death.   *Gerrish* v. *New Bedford Inst., 128
Mass. 159 ; Gardner* v. *Merritt, 32 Md. 78 ; Ray* v. *Simons, 11 R. I. 266, 15
Am. Law Reg. (N. S.) 701, and note ; 23 Am. Rep. 447, and note ; Vandenberg*
v. *Palmer, 4 K. & J. 204.*   Although there may have been no delivery of the
bank-book.   *Blasdell* v. *Locke, 52 N. H. 238.*

If A make a deposit in a third person's name, in order to avoid an attach-
ment of the fund, and without an intention to donate it to such third person,
he may afterwards recover it from the bank.   *Broderick* v. *Waltham Bank, 109
Mass. 149.*

A made a deposit of her own money in the name of B, and it was so en-
tered in the books of the bank.   A retained the book until her death, and
there was no proof that B ever knew of the gift during her lifetime, she having
died before A.—*Held*, that the gift was perfect, and that the money belonged
to B's estate.   *Howard* v. *Windham Bank, 40 Vt. 597.*

A deposited $250 in a savings bank in her own name as trustee for W., a
lad who did errands for A, and A informed W.'s parents of the deposit.   A
kept the book, and afterward drew out all the deposit, together with the in-
terest, appropriating it to her own use.   At her death, she left a will, not men-
tioning the deposit, and not giving anything to W.—*Held*, that the gift was
complete at the time of the deposit, and that A could not subsequently revoke
it.   *Minot* v. *Rogers, 40 Conn. 512 ;* also, *Thompson* v. *Gordon, 3 Strobh. 196 ;
Trowell* v. *Carraway, 10 Heisk. 104 ; Marston* v. *Marston, 21 N. H. 491 ; Adams*
v. *Nicholas, 1 Miles 90, 2 Whart. 17 ; Huntington* v. *Gilmore, 14 Barb. 243 ;
Jones* v. *Selby, Prec. in Ch. 300 ; Merchant* v. *Merchant, 2 Bradf. 432 ; Parker* v.
*Ricks, 8 Jones 447 ; Hambroke* v. *Simmons, 4 Russ. 25.*

A deposited $460 in a savings bank for E. K., her niece, and it was entered
on the books of the bank " E. K.—M. K., guardian," and A informed the
guardian thereof.   The book was delivered to A, who retained it, and after-
wards had the money transferred to her by M. K.—*Held*, a complete gift, and
beyond revocation.   *Kerrigan* v. *Rautigan, 43 Conn. 17.*

A deposit in trust for C has been held to raise a presumption that it was
the money of C.   *Millspaugh* v. *Putnam, 16 Abb. Pr. 380.*

him, both he and she understood that he was not to have any of it until after her death. Both accounts were in her name. By the entry in the book of the Provident Institution, she declared no trust, but, retaining for herself the unlimited power to draw, authorized him to draw after her death. Though by the entry in the pass-book of the Howard Institution she declared that the account was in trust for him, she still kept the account in her own name, as she did that in the other institution. She not only kept both pass-books in her own hands, but drew money from both institutions upon them, up to the time when she lost her reason. The money was all her own. She never parted with the legal title to either fund. Without the produc-

Where D deposited money in the name of "D, for C," and took a note therefor payable "D, for C,"—*Held*, that C could recover the amount after D's death. *Smith* v. *Lee, 2 T. & C. (N. Y.) 591.*

A deposited a sum to the credit and in the name of his son G, and, shortly before his death, gave a box to C, stating that it contained his bank-book, and that he intended it for G, but he retained the key of the box until his death.— *Held*, that G could recover. *Vandermark* v. *Vandermark, 55 How. Pr. 408.*

S deposited $500, "in trust for C," and afterwards drew out the interest herself. After S's death, the bank paid the amount to her administrator.— *Held*, that the title to the deposit vested in C at the time it was made, and that the subsequent payment to S's administrator was no defence to C's action for the fund. *Boone* v. *Citizens Bank, 21 Hun 235;* also, *Martin* v. *Funk, 75 N. Y. 134; Hunter* v. *Wallace, 14 U. C. Q. B. 305.*

A deposit was made subject to the order of the depositor *or his daughter*. On the death of the depositor, the daughter claimed that he had given her the bank-book and the money credited therein, to be held in trust by her for herself and her brothers and sisters.—*Held*, that the administrator was entitled to it, and not the daughter. *Murray* v. *Cannon, 41 Md. 466;* also, *Taylor* v. *Henry, 48 Md. 550; Brown* v. *Brown, 23 Barb. 565; Roman Catholic Asylum* v. *Strain, 2 Bradf. 34; Sheegog* v. *Perkins, 4 Baxter 273.*

Whether a gift of a savings bank book, by delivery, is valid as a *donatio causa mortis, Beak* v. *Beak, L. R. (13 Eq.) 489; McGonnell* v. *Murray, 3 Irish Eq. 460; Ashbrook* v. *Ryon, 2 Bush 228; Case* v. *Denison, 9 R. I. 88; French* v. *Raymond, 39 Vt. 623; Tillinghast* v. *Wheaton, 8 R. I. 536; Sheedy* v. *Roach, 124 Mass. 472; Brooks* v. *Brooks, 12 S. C. 422; Fiero* v. *Fiero, 2 Hun 600; Pierce* v. *Boston Sav. Bank, 129 Mass. 425; Conser* v. *Snowden, 54 Md. 175;* or, as a gift *inter vivos, Camp's Appeal, 38 Conn. 88; Hill* v. *Stevenson, 63 Me. 364, 58 Me. 499; Penfield* v. *Thayer, 2 E. D. Smith 305; Curry* v. *Powers, 70 N. Y. 212; Davis* v. *Ney, 125 Mass. 500.*

See, further, *1 White & Tudor's Lead. Cas. in Eq. *905.*—Rep.

tion of the pass-book, no money could, according to their rules, be drawn from either institution. It is clear that she did not intend to part with her complete and absolute control over, and right to use and dispose of, the funds in question. Her design in making the entries evidently was to make a disposition of a merely testamentary character. The complainant has no claim to the interference of this court in the premises, and the advice of the vice-chancellor was therefore correct.