ADOLPH WRONKER and ISAAC SELIGMAN, as Executors, etc., of
ROSA H. FAUERBACH, Deceased, Appellants, *v.* EMMA E.
JACOBS, Respondent.

Second Department, April 20, 1917.

Gift — evidence insufficient to establish gift causa mortis — presumption — essentials of gift.

Action brought by executors to recover certain jewelry belonging to an
estate, alleged to have been converted by the defendant and held by her
under a claim of title by gift *causa mortis.* The testatrix by a will made
prior to the alleged gift made a specific devise of all her jewelry to
another person. Evidence examined, and *held,* insufficient to establish
a gift to the defendant, and that a judgment in her favor should be
reversed.

Where a gift is made by a donor during his last sickness it is presumed to
be made *causa mortis,* although the donor does not in express terms
declare it to be such.

Both an expressed intention to give a chattel and a delivery thereof to
the donee are as necessary in the case of a gift *causa mortis* as in the
case of a gift *inter vivos.*

APPEAL by the plaintiffs, Adolph Wronker and another, as
executors, from a judgment of the County Court of Monroe
county in favor of the defendant, entered in the office of the
clerk of said county on the 21st day of March, 1916, upon the
verdict of a jury, and also from an order entered in said clerk's
office on the same day denying plaintiffs' motion for a new trial
made upon the minutes.

The appeal was transferred from the Fourth Department to
the Second Department. (175 App. Div. 916.)

*Edwin C. Redfern,* for the appellants.

*Arthur V. D. Chamberlain,* for the respondent.

STAPLETON, J.:

The action is brought by the executors of the last will and
testament of Rosa H. Fauerbach to recover the value of jew-
elry, consisting of a watch and a pair of diamond earrings,
alleged to have been converted by the defendant. The answer
sets up ownership in the defendant. Upon the trial testimony

was offered to prove a gift. Judgment was rendered in favor of the defendant on a verdict, and the plaintiffs appeal.

Rosa H. Fauerbach, hereafter referred to as the testatrix, lived in one room in the house of a Mrs. Bryce. On the morning of February 27, 1915, while cooking at a gas stove, she was severely burned. In her extremity she expressed a desire to see the defendant, her "very dear friend." The defendant came to her, accompanied her in an ambulance to the hospital, and there assisted in making her comfortable. In the afternoon of the same day the testatrix said to the defendant: "You get the earrings and the watch — you have been so good to me, and come tomorrow." She did not say anything about a gift; she simply said: "Go and get them. * * * Go and get those earrings and watch." To the attending nurse, who inquired if defendant was her sister, she said she was "dearer than a sister, she has been so good to me and a very true friend." The defendant went that afternoon to the room of the testatrix and took possession of the articles of jewelry. The testatrix died the following morning.

About eight weeks prior to her death the testatrix made the will by virtue of which the plaintiffs prosecute this action as executors. In that will she bequeathed her "diamond earrings and all jewelry and precious stones" to one Fannie Gross.

If there was a gift, it was a gift *causa mortis.* Where a gift is made by the donor during his last sickness it is presumed to be made *causa mortis,* although the donor does not, in express terms, declare it to be such. (*Matter of Swade,* 65 App. Div. 592, citing the rule in Pom. Eq. Juris. [3d ed.] § 1146.)

But whether it was a gift *inter vivos* or *causa mortis* is not here material. Essential elements of a gift of either description are an expressed intention to give, and a delivery. (*Huntington* v. *Gilmore,* 14 Barb. 243.)

The testatrix said: "You get the earrings and the watch — you have been so good to me, and come to morrow." The attending nurse, who testified to this, modified the statement by saying that the testatrix simply said: "Go and get them." The thought which the testatrix intended to convey may have been this: "Go to my room and get my watch and jewelry

and come here to morrow. I ask you to do this because you have been so good to me." Under that interpretation there were neither words denoting gift nor words denoting delivery, and thus both of the essential elements referred to were absent. By so straining the language as to employ "You get" as the equivalent of "I give you," and ignoring the modified testimony of the sole witness of the declaration, the language could be construed to mean: "I give you my watch and jewelry." If it means, "I give you my watch and jewelry," it cannot also mean "Go and get them." If it means, "I give you my watch and jewelry," then the element of delivery is lacking. "The mere fact that the alleged donee acquires possession is clearly insufficient; in order to establish a gift, he must show affirmatively that the possession or custody was conferred upon him by the donor, or was assented to by the donor with the intention thereby of divesting the donor of all control, and of making and perfecting a gift, and not with any other intention." (Pom. Eq. Juris. [3d ed.] § 1149, note 1, and cases cited.)

The judgment and order of the County Court of Monroe county should be reversed and a new trial ordered, costs to abide the event.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order of the County Court of Monroe county reversed and new trial ordered, costs to abide the event.